


**ORDERED in the Southern District of Florida on March 12, 2024.**



**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**

**Mine Hill Anesthesia, LLC, *et al.*,**

**Debtors.**
________________________________/

**Case No. 22-11577-EPK**
**Chapter 11**
**Subchapter V**
**(Jointly Administered)**

**ORDER ON MOTIONS FILED BY BANC OF CALIFORNIA**

Ten months after confirmation of the plan in these jointly administered chapter 11 cases, a secured creditor with no notice of the filing of these cases or confirmation of the plan filed several motions asking the Court to undo confirmation of the plan, to undo a settlement with another secured creditor that was incorporated in the confirmed plan, and to prohibit the debtors from using the secured creditor's cash collateral. Without doubt the movant is not bound by the approval of the debtors' settlement with the other secured creditor, the confirmed plan, the confirmation order, or any other substantive order entered in these chapter 11 cases. But the Court has no authority to grant the relief requested. The most the Court can do is confirm that the movant retains all rights it would otherwise have absent the

filing of these cases and that the movant may proceed against the debtors, other parties, and their property in other courts of competent jurisdiction.

In this Order, the Court rules on:

(a) *Pacific Western Bank's Motion to Vacate Confirmation Order* [ECF No. 236];

(b) *Pacific Western Bank's Motion to Vacate Order Granting Motion to Approve Compromise of Controversies Between Debtors and Echelon Financial, LLC* [ECF No. 241]; and

(c) *Pacific Western Bank's Motion to Prohibit Use of Its Cash Collateral, For Accounting & Disgorgement* [ECF No. 243] (together, the "Motions").

The Court carefully reviewed the Motions and the briefs filed by Mine Hill Anesthesia, LLC, Mine Hill Surgical Center, LLC, and Champey Pain Group, LLC (together, the "Debtors"), Echelon Financial, LLC ("Echelon"), and Banc of California f/k/a Pacific Western Bank ("PacWest"). ECF Nos. 247, 265, 273, 278, and 279.

**Relevant Case Background**

The Debtors filed voluntary petitions under subchapter V of chapter 11 on February 25, 2022.

In their *Joint Chapter 11 Case Management Summary* [ECF No. 15], the Debtors stated that Echelon had obtained a judgment of more than $2.2 million and had commenced "aggressive collection efforts against the Debtors by garnishing certain of the Debtors' accounts." The Debtors filed their bankruptcy petitions "to obtain a breathing spell from Echelon's aggressive collection efforts and reorganize their debts." The Debtors indicated Echelon as their only secured creditor with a lien on "[c]ertain receivables factored by Echelon." The Debtors' status report under 11 U.S.C. § 1188(c) disclosed essentially the same information. ECF No. 58. The Debtors' subsequently filed schedules list an auto loan, some

auto leases, Bankers Healthcare Group, LLC, and Echelon as their only secured creditors. ECF No. 62; ECF No. 39, Case No. 22-11578; ECF No. 39, Case No. 22-11579.

PacWest holds a substantial claim against the debtors Mine Hill Surgical Center, LLC and Champey Pain Group, LLC secured by all of their personal property, among other collateral. PacWest's claim is not mentioned in any regard in the Debtors' schedules or statement of financial affairs nor was PacWest included in the Debtors' matrix of creditors.

Echelon sought relief from the automatic stay to collect the Debtors' accounts receivable, which Echelon argued were purchased by Echelon, and the Debtors opposed that request. ECF No. 66, 87, and 117. The Debtors objected to Echelon's filed claim based primarily on the argument that Echelon's advances to the Debtors were loans that violated Florida's criminal usury statute. ECF No. 110. The Debtors and Echelon attended a judicial settlement conference with Hon. Paul G. Hyman, Jr. and settled their disputes. ECF No. 126.

The Debtors filed a motion for approval of the settlement with Echelon [ECF No. 137] and a joint chapter 11 plan incorporating the settlement [ECF No. 151, the "Plan"]. On August 9, 2022, the Court entered an order approving the Debtors' settlement with Echelon. ECF No. 161. Among other things, the Debtors agreed that Echelon would have an allowed claim of $1.7 million secured by a lien on all of the Debtors' assets and the parties agreed to specific terms for payment of that sum with interest. The settlement resolved Echelon's motion for relief from the automatic stay, the Debtors' objection to Echelon's claim, and the Debtors' appeal from Echelon's state court judgment.

On November 10, 2022, the Court confirmed the Debtors' Plan. ECF No. 200. Consistent with 11 U.S.C. § 1141(b), the confirmation order explicitly vested all property of the bankruptcy estates in the Debtors. As of that date, there were no bankruptcy estates.

One hundred forty-six days later, on April 5, 2023, PacWest first appeared in this case through counsel. ECF No. 213. Before then, PacWest had no knowledge of the settlement with Echelon, the confirmation of the Plan, or even that these bankruptcy cases had been filed. Although PacWest gained knowledge of the order confirming the Plan well within the 180-day period following confirmation, PacWest did not seek revocation of confirmation under 11 U.S.C. § 1144.

After several months of discovery, PacWest filed the three Motions under consideration here. The Court ordered the parties to mediate and the parties elected to attend a judicial settlement conference with Hon. Paul G. Hyman, Jr. ECF Nos. 250, 253, 254, and 259. They were unable to settle. ECF No. 268.

**Arguments of the Parties**

PacWest asks the Court to vacate the confirmation order under Fed. R. Civ. P. 60(b)(3), (b)(4), or (b)(6), made applicable here by Fed. R. Bankr. P. 9024. ECF No. 236. In this regard, PacWest relies primarily on *In re Rideout*, 86 B.R. 523, 530 (Bankr. N.D. Ohio 1988). ECF No. 265. PacWest also asks the Court to vacate the order approving the settlement with Echelon under Rules 60(b)(3), (b)(4), (b)(6), or (d)(3). ECF No. 241. PacWest asks the Court to prohibit the Debtors from using its cash collateral allegedly in violation of 11 U.S.C. § 363, seeks adequate protection for the alleged improper use of its cash collateral, and seeks an accounting and sanctions. ECF No. 243. PacWest confirms that it did not and does not seek relief under 11 U.S.C. § 1144. ECF No. 279.

Echelon argues that the confirmation of the Plan may only be revoked as a result of fraud and only by seeking such relief within 180 days after confirmation under 11 U.S.C. § 1144. ECF Nos. 247, 273.

The Debtors agree with PacWest that the appropriate remedy is to afford PacWest relief from the confirmation order under Rule 60. They ask the Court to then re-set the Plan for confirmation. ECF No. 278.

**Section 1144 Provides the Sole Basis to Revoke a Chapter 11 Confirmation Order**

11 U.S.C. § 1144 provides, in pertinent part: "On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud."

Section 1144 is the sole basis to vacate or revoke an order confirming a chapter 11 plan. *In re Logan Place Props., Ltd.*, 327 B.R. 811, 814 (Bankr. S.D. Tex. 2005) ("fraud under § 1144 [is] the exclusive means by which a plan can be revoked") (citing cases). "Presumably mindful of the intricate chain of events that is often set in motion by the order of confirmation, Congress made the considered choice that only fraud would warrant an attempt to 'unscramble the egg,' and even then only within the 180-day time frame imposed by § 1144." *In re Winom Tool & Die, Inc.*, 173 B.R. 613, 616 (Bankr. E.D. Mich. 1994); *see also In re Orange. Tree Assocs., Ltd.*, 961 F.2d 1445, 1447 (9th Cir. 1992) ("In recognition of the strength of the interest in finality of reorganization plans, courts have held uniformly that strict compliance with section 1144 is a prerequisite to relief."); *In re Logan Props., Ltd.*, 327 B.R. at 814-15 ("If the language 'if and only if' does not express fraud as the exclusive means of revocation, it is difficult to imagine what language Congress could find to make this point clear.").

**Rule 60 Does Not Apply to Orders Confirming Chapter 11 Plans**

Rule 60 does not provide an end run around section 1144. Bankruptcy Rule 9024, which makes Rule 60 applicable here, specifically states that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144." It is generally

recognized that "[t]his time limit may not be circumvented by invocation of Rule 60." *In re Baron's Stores, Inc.*, 390 B.R. 734, 744 (Bankr. S.D. Fla. 2008*); BFP Invs., Inc. v. BFP Invs., Ltd.,* 150 F. App'x 978, 979 (11th Cir. 2005)*; see also In re Smith Audio Visual, Inc.*, No. 11-42026-11, 2013 WL 1279064, at *5 (Bankr. D. Kan. Mar. 28, 2013) (noting that "numerous courts have held that the 'if and only if' language contained in § 1144 precludes any application of Rule 60(b) or invocation of the Court's equitable powers under 11 U.S.C. § 105 to set aside an order confirming a plan unless fraud is alleged."). Even if Bankruptcy Rule 9024 is in conflict with section 1144, "the Bankruptcy Code trumps the Bankruptcy Rules." *In re Logan Props., Ltd.*, 327 B.R. at 815 (citing cases); *see also BFP Invs., Inc.* 150 F. App'x at 979; 28 U.S.C. § 2075 (The Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right.").

PacWest cites one decision that appears to support application of Rule 60(b) here. *In re Rideout*, 86 B.R. 523 (Bankr. N.D. Ohio 1988). The court in *Rideout* attempted to distinguish vacating an order confirming a plan, which would "only result in the Hearing on Confirmation being reset," from the "*permanent* Revocation of the Plan." *Id*. at 530 (emphasis in original). But section 1144 does not provide for revocation of the plan itself. It authorizes revocation of the "order of confirmation." Nothing in section 1144 permanently erases a plan as the *Rideout* court seems to suggest. There is no difference between revoking and vacating a chapter 11 confirmation order. *In re Logan Props., Ltd.*, 327 B.R. at 813 n.1; *In re Baron's Stores, Inc.*, 390 B.R. at 744. The *Rideout* decision is an unfortunate example of sympathy for the plight of the parties overshadowing the will of Congress. The goal was admirable but the outcome nonetheless unauthorized.

**Echelon Settlement is Not Subject to Reconsideration**

While the Debtors' settlement with Echelon was initially approved by separate order of the Court, the settlement was later incorporated in the Plan and the Plan was confirmed. PacWest asks the Court to vacate the order approving the settlement under Rule 60. Because the settlement is an integral part of the Plan, this request for relief is just another way of asking the Court to vacate the confirmation order. The Court cannot vacate the order approving the Echelon settlement for the same reasons it cannot vacate the confirmation order.

**PacWest's Requests Relating to Cash Collateral Must Be Denied**

PacWest seeks several forms of relief relating to its alleged interested in the Debtors' cash collateral. Cash collateral includes various types of fungible property "in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). The term "estate" refers to the bankruptcy estate established under 11 U.S.C. § 541. Upon confirmation of the Plan all property of the bankruptcy estates vested in the reorganized Debtors subject only to the terms of the Plan. 11 U.S.C. § 1141(b); ECF Nos. 151 and 200. As of entry of the confirmation order, there were no bankruptcy estates. Thus, there is no cash collateral subject to 11 U.S.C. § 363. PacWest is not entitled to any relief relating to its claimed interest in cash collateral. This ruling is without prejudice to PacWest's rights to pursue similar relief in other courts of competent jurisdiction as a result of alleged defaults under PacWest's loan documents.

**PacWest is Not Bound by Prior Substantive Orders Entered in These Cases**

PacWest had no notice at all of these jointly administered cases or of any orders entered in these cases through and including the confirmation order until well after such orders became final and no longer subject to appeal. Because of a complete lack of due process, PacWest is not bound by the order approving the Echelon settlement, the Plan, the

confirmation order, or any substantive order entered in these cases other than this Order. *In re Spring See Valley Farms, Inc.*, 863 F.2d 832, 834-35 (11th Cir. 1989); *Dalton Dev. Project #1 v. Unsecured Creditors Comm. (In re Unioil)*, 948 F.2d 678, 683-84 (10th Cir. 1991); *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620, 622-23 (10th Cir. 1984). PacWest retains all of its rights against the Debtors, co-obligors, guarantors, and any other parties, and all of its rights to pursue its collateral whether in the control of the Debtors, Echelon, or any other parties, in either case whether or not such parties participated in these jointly administered cases. The approval of the Echelon settlement and the confirmation of the Plan do not in any way diminish PacWest's rights against anyone or against any property.

PacWest argues that the Echelon settlement and the Plan provide for the granting of liens in favor of others, the use of PacWest's collateral to secure obligations to others, and the use of PacWest's collateral to pay other creditors, among other provisions at odds with PacWest's loan documents. If any such parties had a valid lien on PacWest's collateral prior to the filing of these bankruptcy cases, PacWest retains whatever rights and priority it otherwise would have absent the filing of these bankruptcy cases. To the extent any parties obtained liens on PacWest's collateral as a result of approval of the Echelon settlement or confirmation of the Plan, PacWest retains whatever interests it had in such collateral senior to any such liens. No order of this Court, including without limitation the order approving the Echelon settlement and the confirmation order, modified any of PacWest's rights in its collateral. If the Debtors' actions constitute defaults under PacWest's loan documents, PacWest may pursue whatever remedies are appropriate under applicable non-bankruptcy law.

**Conclusion**

The Debtors ask this Court to vacate the confirmation order under Rule 60 to permit the parties to "resolve their disputes in a single forum, this Court, as opposed to piecemeal

litigation in multiple forums." ECF No. 278. The Court is not unsympathetic to the challenges that now face the Debtors, Echelon, PacWest, and other parties in interest. However, the Court is unable to ignore the limitations imposed by Congress.

PacWest is not without remedies. It may pursue the Debtors, co-obligors, guarantors, Echelon, and any other persons or entities to enforce its claims and its rights in collateral. Nothing in this bankruptcy case will stand in the way. The Court will explicitly confirm that PacWest's pre-bankruptcy rights have not been modified by any order entered in these cases.

**ORDER**

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. The *Pacific Western Bank's Motion to Vacate Confirmation Order* [ECF No. 236] is DENIED.

2. The *Pacific Western Bank's Motion to Vacate Order Granting Motion to Approve Compromise of Controversies Between Debtors and Echelon Financial, LLC* [ECF No. 241] is DENIED.

3. The *Pacific Western Bank's Motion to Prohibit Use of Its Cash Collateral, For Accounting & Disgorgement* [ECF No. 243] is DENIED.

4. The Court confirms that Banc of California f/k/a Pacific Western Bank ("PacWest"):

(a) Retains any and all claims and rights, legal and equitable, against Mine Hill Anesthesia, LLC, Mine Hill Surgical Center, LLC, Champey Pain Group, LLC, MDHT, LLC, Edward Champey, all creditors and parties in interest in these bankruptcy cases whether or not they participated in these cases, and any other persons and entities, and that no order or action in these jointly administered bankruptcy cases has in any way limited or modified such claims and rights; and

(b) Retains all of its security interests, liens, mortgages, and any and all similar rights of any kind, against property owned by, controlled by, or in the possession of Mine Hill Anesthesia, LLC, Mine Hill Surgical Center, LLC, Champey Pain Group, LLC, MDHT, LLC, Edward Champey, all creditors and parties in interest in these bankruptcy cases whether or not they participated in these cases, and any other persons and entities, and that no order or action in these jointly administered bankruptcy cases has in any way limited or modified such rights.

5. To the extent any persons or entities claimed a lien on collateral of PacWest prior to the filing of these bankruptcy cases, PacWest retains whatever rights and priority they otherwise would have absent the filing of these bankruptcy cases.

6. To the extent any persons or entities obtained a lien on PacWest's collateral as a result of any order entered in these bankruptcy cases, including without limitation the order approving the Echelon settlement [ECF No. 161] or the order confirming the Plan [ECF Nos. 151, 200], PacWest retains whatever rights it had in such collateral senior to any such liens.

7. Nothing in this Order is intended to create a right or priority in favor of PacWest that would not have existed under applicable non-bankruptcy law absent the filing of these bankruptcy cases.

8. In entering this Order, it is the Court's intention to confirm in every possible way that these bankruptcy cases have not had any impact on PacWest's rights against anyone or against any property. The Court retains jurisdiction to clarify this Order to the extent necessary to ensure that PacWest's rights are preserved. If these jointly administered cases are closed, PacWest may seek an order reopening these cases, without fee, solely to clarify this Order.

###

Copies to all appropriate parties by Heather L. Ries, Esq., who must file a certificate of service with the clerk of court.